**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LESLIE FRIZZELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-804-C |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Motion for Summary Adjudication filed by Defendant State Farm Mutual Automobile Insurance Company (State Farm) under Fed. R. Civ. P. 56(d). Plaintiff Leslie Frizzell (Frizzell) filed a response; accordingly, the motion is ripe for adjudication. The Court, upon consideration of the litigants' submissions and the applicable law, now **REMANDS** the instant action to the District Court of Cleveland County, State of Oklahoma for lack of subject matter jurisdiction.

**BACKGROUND**

In September 2001, State Farm provided Frizzell uninsured/underinsured motorist coverage. In her petition, Frizzell alleges that both she and her vehicle sustained damages stemming from a two-vehicle accident. In June 2005, Frizzell filed suit in state court alleging State Farm breached a contractual duty and seeking only damages flowing from the breach. Frizzell served the summons and petition upon State Farm, via the Insurance Commissioner for the State of Oklahoma, on June 14, 2005. State Farm subsequently removed the action

to federal court on July 15, 2005, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. State Farm now moves the Court to enter a summary ruling that the maximum uninsured/underinsured motorist coverage available to Frizzell under her policies is $60,000.00 and, in turn, remand the action to state court on the ground that the requisite amount is no longer in controversy.

## DISCUSSION

In her response, Frizzell states that she does not object to State Farm's motion. Nonetheless, the Court must assure itself that subject matter jurisdiction properly exists prior to issuing a summary ruling as the litigants may neither waive the lack of jurisdiction nor confer jurisdiction upon the Court by agreement or inaction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). If jurisdiction is lacking, the Court is powerless to adjudicate any substantive dispute lest its rulings be void. Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir. 2005). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The litigants' agreement on the resolution of State Farm's motion is both premature and immaterial, as they have assumed that diversity jurisdiction initially attached to the removed action. Diversity jurisdiction must exist both when Frizzell filed her petition in state court and when State Farm sought removal to federal court. Young v. Ewart, 132 U.S. 267, 270-71 (1889). "'A distinction must be made, however, between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required

amount was or was not in controversy at the commencement of the action." Watson v. Blankinship, 20 F.3d 383, 387 (10th Cir. 1994) (quoting Jones v. Knox Exploration Corp., 2 F.3d 181, 183 (6th Cir. 1993)).

Here, State Farm has submitted undisputed evidence that the total amount of uninsured/underinsured motorist coverage available to Frizzell under her policies is $60,000.00. Frizzell's amended petition states that she seeks only damages flowing from State Farm's alleged breach of contract and not bad faith damages or punitive damages. The Court is satisfied to a legal certainty that the $75,000.01 amount mandated by § 1332 was never in controversy when Frizzell commenced her suit in state court. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Therefore, diversity jurisdiction never attached to the instant action and the Court is without authority to continue except to remand the action.

Remand is also appropriate for two additional reasons. First, State Farm untimely filed its notice of removal. Compare Def.'s Not. of Removal, Dkt. No. 1, Ex. 4, with id. at 1 (showing June 14, 2005, service of process date and July 15, 2005, filing of the notice of removal). Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-56 (1999); 28 U.S.C. § 1446(b); see 36 Okla. Stat. 621 (authorizing service of process only upon the Insurance Commissioner for suits against foreign insurance companies). Second, State Farm failed to plead its state of incorporation in the notice of removal – a fact necessary to establish the Court's jurisdiction under the diversity statute. 28 U.S.C. § 1332(c); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy

and the existence of diversity must be affirmatively established on the face of either the [state court] petition or the removal notice."); Basso, 495 F.2d at 909.  State Farm's failure to comply with these requirements for removal renders the removal defective and subject to remand.  Huffman v. Saul Holdings, Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999) (discussing defendant's failure to timely file as required by § 1446(b)); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 n.2 (10th Cir. 1988) (discussing defendant's failure to allege diversity facts).

## CONCLUSION

The Court lacks subject matter jurisdiction to issue State Farm's requested summary ruling as State Farm improvidently removed the instant action from state court.  State Farm's Motion for Summary Adjudication [Dkt. No. 17] is **STRICKEN** and the Clerk of the Court shall take all necessary action to **REMAND** this action to the District Court of Cleveland County, State of Oklahoma, without delay.

IT IS SO ORDERED this 10th day of January, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge